# EXHIBIT A

# EXHIBIT A

FIL EORIGINAL

AUG 19  8 10 AM '08

CLERK OF THE COURT

COMP
Malik W. Ahmad
NSB 10305
Law Office of Malik W. Ahmad
City Center West, Suite 108
7201 West Lake Mead Blvd.
Las Vegas, Nevada 89128
Phone (702) 270-9100
Fax (702) 384-5900
Las Vegas, Nevada 89128
Malik11397@aol.com
*Attorney for Plaintiff*
*Stephan Isenegger*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

Stephan Isenegger,

     Plaintiff,

V.

Olympia Land Corporation DOES 1 to 20.
    Defendants.

Case No.: A 569969
       X

Complaint For Damages, Restitution and
Injunctive Relief and for Violations of State
and Federal Labor Laws
1. Failure To Pay Overtime Compensation In
Violation Of The Fair Labor Standards Act (29
U.S.C Sections 20, et seq.) and Nevada Laws.
3. Failure to provide and/or Authorized Meal
and Rest Periods (NRS §608.019.)
4. Failure to Provide Accurate Itemized Wage
Statements under Nevada Laws.

**Complaint for Violations of State and
Federal Labor Laws**

**Demand for Jury**

     Now comes Plaintiff Stephan Isenegger, through his attorney Malik W. Ahmad, of the

Law Office of Malik W. Ahmad, and allege the following upon personal knowledge as to

himself and his own acts and upon information and belief as to all other matters:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to Section 16(b) of the Fair Labor Standards Act, 29

U.S.C. §216(b), which provides, "An action to recover the liability prescribed in either of the

[1]

RECEIVED

AUG 19 2008

CLERK OF THE COURT

1   preceding sentences may be maintained against any employer in any federal or state court of

2   competent jurisdiction by any one or more employees for and in behalf of himself or themselves

3   and other employees similarly situated." Furthermore, this Court has subject matter jurisdiction

4   over Plaintiff's FLSA claims pursuant to 28 U.S.C § 1331 and § 1337

5   2.      Venue is proper in the District Court of Nevada, Eighth Judicial District, because

6   Defendant Olympia Land Corporation is a Nevada registered corporation, and conducts business

7   in Clark County Nevada. Plaintiff resides in Clark County, Nevada. Plaintiff worked for

8   Defendant in Las Vegas, and the acts complained of herein happened in or around Las Vegas.

9                          **BACKGROUND AND PARTIES**

10  3.      Plaintiffs STEPHAN ISENEGGER ("Plaintiff"), by his undersigned attorney, bring this

11
12  action against Defendant Olympia Land Corporation ("Olympia" or "Defendants").

13  4.      Olympia is a Nevada corporation and engaged in land development as well as planned

14
15  communities like Southern Highlands. A section in its website (http://www.olympiagaming.com)

16  states that "Olympia over the past 15 years has grown from a land development company to a

17  multifaceted organization helping to create opportunities in the Las Vegas Valley and throughout

18  Southern Nevada and Arizona".

19
20  5.      Olympia derives revenue from developing, marketing, management of master-planned

21  communities, residential communities, retail centers, corporate office complexes, industrial

22
23  properties, and hotel/casinos, in addition to owning real estate companies, a Golf Club, an

24  outdoor media company and sponsoring a Charitable Foundation.

25  6.      Plaintiff was employed by Olympia as Caretaker/Chef during three years immediately

26
27  preceding the filing of this lawsuit.  Olympia paid the Plaintiff as a Caretaker/Chef for the

28  household of Goet Family.

[2]

7.    Plaintiff had extensive culinary training and is very familiar with both American and European (German, French, Swiss, English, Spanish and Italian) culinary tastes and schools.

8.    Plaintiff was born in Switzerland, and speaks quite few European languages including German, Italian, French, Swiss, English and Spanish.

9.    Plaintiff went to various world famous culinary schools in Europe and worked in association with some world famous chefs.

10.    Plaintiff worked for various famous personalities of our times including Frank Sinatra, Ed MacMohan, Linda Ronstart, Los Angles French Consulate General and the Royal Saudi Family.

11.    Plaintiff worked as an executive chef during the 1982 World Olympics in Los Angeles Country Club.

12.    Garry V. Goett is President & CEO of 'The Olympia Land Corporation'.

13.    Plaintiff was hired as a Caretaker/Chef for the care of youngest son of Mr. Garry Goett i.e.Thomas Goet. Mr. Thomas Goet ("Tom") is 42 years old, and at times emotionally and physically challenged.

14.    Plaintiff's job description included: cooking food according to varying American and European culinary tastes; managing general household; facilitating day to day care; supervising Tom' traveling schedules; making travel arrangements; cleaning house; purchasing food; taking Tom to his various medical appointments; providing constant companionship with the ever changing eccentric and idiosyncratic behavior and mood of Tom.

[3]

15.    Plaintiff performed all or more of the above mentioned job functions more than 8 hours sometime lasting as long as 16 hours in a day.

**Statutory Coverage**

16.    From approximately April, 2006 to July 30th 2008, Plaintiff was employed by Defendant within the meaning of 29 U.S.C., and NRS 608.010.

17.    Defendant was an employer during the covered period as defined in NRS 608.011 and FLSA provisions.

18.    Under the provisions of NRS 608.016 (Payment for each hour of work; trial or break-in period not excepted), an employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period.

19.    Under the provisions of NRS 608.018 (Compensation for overtime: Requirement) 1. An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works:

      (a) More than 40 hours in any scheduled week of work; or
      (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.
      2. An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

**FACTUAL ALLEGATIONS**

20.    Plaintiff Stephan Isenegger is an adult citizen of the United States residing in the State of Nevada.

21.    Defendant Olympia Land Corporation is a domestic corporation doing business within the State of Nevada and the County of Clark.

22.    Olympia employed Plaintiff who worked in the Olympia President and CEO's household.

23.    In performing his duties for the Defendant, Plaintiff engaged in commerce or the production of goods for commerce within the meaning of FLSA.

24.    From approximately 2006 to present, Plaintiff was employed by Defendant within the meaning of 29 U.S.C and §203 of the FLSA.

25.    In performing his duties for Defendant, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

26.    In performing his duties for Defendant, Plaintiff used goods and products that had been moved or produced in interstate commerce.

27.    In performing his duties for Defendant, Plaintiff provided services to guest and household members who reside in states other than Nevada.

28.    From 2000 to the filing of this Complaint, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

29.    From 2000 to the filing of this Complaint, Defendant has used goods and products that have been moved or produced in interstate commerce.

30.    From 2000 to the filing of this Complaint, Defendant has provided services to customers who reside in states other than Nevada.

31.    From 2000 to the filing of this Complaint, Defendant has received payment for its services from private persons or entities from outside the state of Nevada.

32.    Plaintiff was employed by Defendant from approximately April 2006 to July 2008 (hereinafter, the "Covered Period").

[5]

33.   Throughout the Covered Period, Plaintiff worked for Defendant as a Chef/Caretaker.

34.   Throughout the Covered Period, Plaintiff was employee of the Defendant.

35.   Throughout the Covered Period, Defendant scheduled Plaintiff to work (12 hour or more).

36.   Plaintiff's works shifts for Defendant sometimes totaled more than forty hours per week.

37.   Olympia Corporation has full control on the conduct of Olympia's business all the time.

38.   Plaintiff maintained a separate household where he resides with his wife.

39.   Often times Plaintiff was required to stay with Defendant.

40.   Plaintiff also worked during traveling and while on vacation with Defendant's family.

### Defendant's Actual Policies and Practices on "Breaks" by Plaintiff.

41.   Defendant required Plaintiff, during the entirety of each of his daily work shifts, to remain on the premises of the Defendants.

42.   Defendant required Plaintiff, during the entirety of each of his daily work shifts, to remain on call for duty.

43.   Defendant required Plaintiff, during the entirety of each of his daily work shifts, to remain ready to report for duty at all times.

44.   Defendant required Plaintiff, during the entirety of each of his daily work shifts, to report for duty promptly whenever he was called upon.

45.   Defendant did not assign any other employees to relieve Plaintiff from any of the requirements stated in paragraphs 42-47 during Plaintiff work shifts.

46.   Defendant did not schedule Plaintiff for breaks during which he would be relieved of any of the requirements stated in paragraphs 42-47.

47.   Defendant did not schedule Plaintiff for breaks during which he would be completely

[6]

relieved from duty.

48.   Defendant did not regularly schedule a daily break of 30 minutes or longer for Plaintiff.

49.   Defendant did not inform Plaintiff in advance when they could take a break during his work shifts.

50.   Throughout Plaintiff's tenure for Defendant, Plaintiff never took meal, rest, or other break of 30 minutes or longer during which Defendant was not complying with the requirements stated in paragraphs 42-47.

51.   Any "breaks" Plaintiff took while working for Defendant was not at regularly scheduled times.

52.   Any "breaks" Plaintiff took while working for Defendant was at least in part, for Defendant's benefit, because they allowed Plaintiff to work effectively for his entire eight hour shifts.

## FIRST CLAIM FOR RELIEF UNDER THE FAIR LABOR STANDARDS ACT

53.   The Plaintiff repeat the allegations set forth in paragraphs 1 through 52 as if each was separately and completely set forth herein.

54.   The Defendant Olympia Corporation is in the business of land development, land acquisition, and planned communities.

55.   The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) provides, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

56.   The Nevada Revised Statues provides in pertinent part:

> NRS 608.018 Compensation for overtime: Requirement; exceptions.

[7]

1. An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works:
   (a) More than 40 hours in any scheduled week of work; or
   (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.
2. An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work

57.    By his conduct, as set forth herein, Defendant violated 29 U.S.C. §207(a) by failing to pay the FLSA time and one-half his regular hourly rates for hours worked in excess of forty (40) hours during a workweek and at certain times violated 29 U.S.C. § 206 by failing to pay a minimum wage to employees during certain weeks of employment.

58.    As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime pay and non payment of breaks as well as accrued vacation times.

59.    Plaintiff is not a salesmen earning commissions in a retail business as well as Plaintiff is not in an exempt category such as executive, administrative or professional capacities or an employee covered by collective bargaining agreements which provide otherwise for overtime;

60.    Defendant's violations of 29 U.S.C. §207(a) and 29 U.S.C. § 206 was repeated, willful and intentional.

61.    Upon information and belief, Defendant's practice of not compensating Plaintiff for a half-hour of each of his shifts was not based upon any advice of counsel received by Defendant.

62.    Upon information and belief, Defendant's practice of not compensating Plaintiff for a half-hour of each of his shifts was not based on Defendant's (or any of its agents') review of any policy or publication of the United States Department of Labor or the Nevada Department of Labor.

63.    Upon information and belief, Defendant's practice of not compensating Plaintiff for a

[8]

1  half-hour of each of his shifts was not based upon any investigation by Defendant (or of any its

2  agents) of whether Plaintiff actually took a half-hour break during each of his shifts.

3  64.    Due to Defendant's FLSA violations, Plaintiff are entitled to recover from Defendant his

4  unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and the costs of

5  this action, pursuant to 29 U.S.C. § 216 (b).

6

7  **SECOND CLAIM FOR RELIEF UNDER THE NEVADA STATUTES**
   **Periods for Meals and Rest.**

8  **Defendant's Refusal to Pay Half Hour Lunch Break (NRS 608.019)**

9  65.    The Plaintiff repeat the allegations set forth in paragraphs 1 through 64 as if each was

10 separately and completely set forth herein.

11

12 66.    For the entire duration of Plaintiff's employment with Defendant, Defendant did not pay

13 Plaintiffs for a half-hour of each of his eight or more hour daily shifts.

14     **NRS 608.019  Periods for meals and rest.**
   1.  An employer shall not employ an employee for a continuous period of 8 hours without permitting the
15     employee to have a meal period of at least one-half hour. No period of less than 30 minutes interrupts a
       continuous period of work for the purposes of this subsection.
16  2.  Every employer shall authorize and permit all his employees to take rest periods, which, insofar as
       practicable, shall be in the middle of each work period. The duration of the rest periods shall be based on
17     the total hours worked daily at the rate of 10 minutes for each 4 hours or major fraction thereof. Rest
       periods need not be authorized however for employees whose total daily work time is less than 3 and one-
18     half hours. Authorized rest period shall be counted as hours worked, for which there shall be no deduction
       from wages

19

20 67.    Defendants' stated reason for not paying Plaintiff for a half-hour of each of his daily

21 shifts was that Plaintiff had a half-hour "break" during each of those shifts.

22

23 **THIRD CLAIM FOR RELIEF UNDER THE NEVADA STATUTES**
   **Willful Failure or Refusal to Pay Wages Due Prohibited**

24 **(NRS 608.190)**

25 68.    The Plaintiff repeat the allegations set forth in paragraphs 1 through 67 as if each was

26 separately and completely set forth herein.

27

28 69.    A person shall not willfully refuse or neglect to pay the wages due and payable when

[9]

demanded as provided in this chapter, nor falsely deny the amount or validity thereof or that the amount is due with intent to secure for himself, his employer or any other person any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay or defraud the person to whom such indebtedness is due.

70.     NRS 608.195 provides criminal and administrative penalties for such violations:

> 1.   Except as otherwise provided in NRS 608.0165, any person who violates any provision of NRS 608.005 to 608.195, inclusive, or any regulation adopted pursuant thereto, is guilty of a misdemeanor.

> NRS 608.020 provides that whenever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately.

> NRS 608.190 (Willful failure or refusal to pay wages due prohibited.) A person shall not willfully refuse or neglect to pay the wages due and payable when demanded as provided in this chapter, nor falsely deny the amount or validity thereof or that the amount is due with intent to secure for himself, his employer or any other person any discount upon such indebtedness, or with intent to annoy, harass,   oppress, hinder, delay or defraud the person to whom such indebtedness is due.

## FOURTH CLAIM FOR RELIEF UNDER NEVADA'S LABOR LAWS
### (Pursuant to NRS § 608.016 and NRS § 608.100)

71.     The Plaintiff repeat the allegations set forth in paragraphs 1 through 70 as if each was separately and completely set forth herein.

72.     The Plaintiff brings this Fourth Claim for Relief against the Defendant pursuant to NRS §608.016 and NRS §608.100 for payment of his full earned wages and all wages owed to him under any statute, NRS §608.018, for non-payment of overtime wages and NRS §608.019, for payment of unpaid rest periods.

73.     Pursuant to NRS §608.016 and NRS §608.100, the Plaintiff was entitled to the payment of his full wages for each hour or portion thereof that he worked in the amount promised by his contract of employment and the Plaintiff was also entitled to the full payment of any wages

[10]

required by any statute or regulation

74.     Pursuant to NRS § 608.018, the Plaintiff was also entitled to the payment of wages at time and one-half his normal hourly rate when he worked in excess of 8 hours a day or 40 hours a week, and the plaintiff was not paid such required wages.

75.     Pursuant to NRS § 608.019, the Plaintiff was entitled to paid rest time equal to 10 minutes for every 4 hours of work or major fraction thereof each day and the Defendant failed to provide the paid rest time required by such statute.

76.     The Plaintiff seeks, on this Third Claim for Relief, a judgment against Defendant for unpaid wages and compensation and overtime wages and unpaid rest time, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, the plaintiffs, and also seek an award of attorney's fees, interest and costs, as provided for by Nevada Law.

## FIFTH CLAIM FOR RELIEF UNDER N.R.S. §608.040

77.     The Plaintiff repeat the allegations set forth in paragraphs 1 through 76 as if each was separately and completely set forth herein.

78.     The Plaintiff bring this Fifth Claim for Relief pursuant to Nevada Revised Statutes §608.040.

79.     The Defendant has failed and refused to pay Plaintiff his earned but unpaid wages, such conduct by the Defendant constituting a violation of N.R.S. § 608.020, or § 608.030 and giving rise to a claim under N.R.S. § 608.040.

80.     As a result of the foregoing the Plaintiff seek, a judgment against the Defendant for the penalty prescribed by Nevada Revised Statutes § 608.040, to wit, for a sum equal to up to thirty days wages, along with interest, costs and attorney's fees.

[11]

## SIXTH CLAIM FOR RELIEF FOR PROVISION OF ACCURATE RECORD
## KEEPING
### (§ 211c 29 U.S.C §215(a)(5) NRS 608.115

81.     The FLSA provides that "[e]every employer.... Shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records. (29 C.F.R. Part 516).

82.     The Nevada Revised Statute provides for record of wages.

**NRS 608.115  Records of wages.**
1. Every employer shall establish and maintain records of wages for the benefit of his employees, showing for each pay period the following information for each employee:
    (a) Gross wage or salary other than compensation in the form of:
(1) Services; or
(2) Food, housing or clothing.
    (b) Deductions.
(c) Net cash wage or salary.
(d) Total hours employed in the pay period by noting the number of hours per day.
(e) Date of payment.
2. The information required by this section must be furnished to each employee within 10 days after he submits his request.
    3. Records of wages must be maintained for a 2-year period following the entry of information in the record.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demand judgment against Defendant as hereinafter set forth, including, *inter alia*:

(a)     Determine the damages sustained by the Plaintiff as a result of Defendant's violations of 29 U.S.C. §216(b), and under the Nevada Revised Statues and award those damages against Defendant and in favor of the Plaintiff, plus an additional equal amount as liquidated damages under 29 U.S.C. §216(b), and such pre-judgment interest as may be allowed by law;

(b)     Determine and award hourly compensation due under both FLSA and NRS;

(c)     Determine and award the vacation pay;

(d)     Determine and award his hourly overtime compensation due under the Nevada Revised Statutes;

(e)     Determine and award his unpaid overtime compensation due under the FLSA;

[12]

1

2

(f)    Award Plaintiff his costs and disbursements of this suit, including without limitation, reasonable attorneys', accountants' and experts' fees;

3

(g)    Grant Plaintiff such other and further relief as the Court may deem just and proper.

4

5

### DEMAND FOR TRIAL BY JURY

6

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

7

a trial by jury on all questions of fact raised by the Complaint.

8

9

10

Submitted by the attorney for the Plaintiff,
Law Office of Malik W. Ahmad

11

12

By:

13

Malik W. Ahmad
NSB 10305
Law Office of Malik W. Ahmad
City Center West, Suite 108
7201 West Lake Mead Blvd.
Las Vegas, Nevada 89128
Phone (702) 270-9100
Fax (702) 384-5900
Las Vegas, Nevada 89104
 Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[13]

# EXHIBIT B

# EXHIBIT B

1

**REMV**
Kelly A. Evans, NV Bar No. 7691

2

Paul S. Prior, NV Bar No. 9324
SNELL & WILMER L.L.P.

3

3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169

4

Telephone (702) 784-5200
Fax (702) 784-5252

5

6

Attorneys for Defendant
Olympia Land Corporation

7

8

9

DISTRICT COURT

10

CLARK COUNTY, NEVADA

11

12

STEPHAN ISENEGGER,

CASE NO. A569869
Dept. X

13

Plaintiff,

14

vs.

**NOTICE OF REMOVED ACTION**

15

OLYMPIA LAND CORPORATION;
DOES 1 to 20,

16

Defendants.

17

18

TO:    THE HONORABLE JUDGES OF THE ABOVE-ENTITLED COURT,
THE CLERK OF THE DISTRICT COURT, AND ALL PARTIES HERETO

19

AND THEIR ATTORNEYS

20

/ / /

21

/ / /

22

/ / /

23

/ / /

24

/ / /

25

/ / /

26

/ / /

27

/ / /

28

/ / /

1    PLEASE TAKE NOTICE that on the 17th day of September 2008, Defendant Olympia

2  Land Corporation, by and through its attorneys, Snell & Wilmer, filed in the United States

3  District Court for the District of Nevada its Notice of Removal of this action to that Court.  Full

4  and true copies of the Notice of Removal, including exhibits, are attached hereto.

5

6  Dated: September 17, 2008                    SNELL & WILMER L.L.P.

7

8                                        By: _____

9                                           Kelly A. Evans, NV Bar No, 7691
                                            Paul S. Prior, NV Bar No. 9324
10                                          3883 Howard Hughes Parkway, Suite 1100
                                            Las Vegas, NV 89169
11                                          Attorneys for Defendant
                                            Olympia Land Corporation
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

1

## CERTIFICATE OF SERVICE

2

3       I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen

(18) years, and I am not a party to, nor interested in, this action.  On this date, I caused to be

4

served a true and correct copy of the foregoing document by the method indicated:

5
        _____✓_____        by U. S. Mail
6
        _____        by Facsimile Transmission
7
        _____        by Overnight Mail
8
        _____        by Federal Express
9
        _____        by Hand Delivery
10

11      and addressed to the following:

12          Malik W. Ahmad, Esq.
            Law Office of Malik W. Ahmad
13          7201 West Lake Mead Blvd., Suite 108
            Las Vegas, NV  89128
14          Phone (702) 270-9100
            Fax (702) 384-5900
15          Attorney for Plaintiff

16      DATED:  September  *17* , 2008

17

18                                              An employee of Snell & Wilmer

19
        9109499.1
20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200